UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

_____

**WISCONSIN LABORERS HEALTH FUND,**
**WISCONSIN LABORERS PENSION FUND,**
**WISCONSIN LABORERS APPRENTICESHIP**
**& TRAINING FUND, and JOHN J. SCHMITT**
**(in his capacity as Trustee),**

**WISCONSIN LABORERS-EMPLOYERS**
**COOPERATION AND EDUCATION TRUST FUND,**

**WISCONSIN LABORERS DISTRICT COUNCIL,**

      **Plaintiffs,**

  v.                                                                       Case No.   18-cv-534

**PROFESSIONAL LANDSCAPE CONTRACTORS, INC.**

      **Defendant.**
_____

## COMPLAINT
_____

NOW COME the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Christopher J. Ahrens, and as and for a cause of action against the Defendant, allege and show to the court the following:

### Jurisdictional and Venue

1.  Jurisdiction of this Court upon Defendant Professional Landscape Contractors, Inc. ("Professional Landscape") is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132) and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA") as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-

Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, Section 301 of the LMRA and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. §1132(e)(2)) in that the Plaintiff Funds are administered in Dane County, Wisconsin.

## Parties

3. Plaintiffs Wisconsin Laborers Health Fund, Wisconsin Laborers Pension Fund, and Wisconsin Laborers Apprenticeship & Training Fund (hereinafter "Funds") are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3) and (37), 1132 and 1145), and bring this action on behalf of the Trustees, participants and beneficiaries of the Funds. Said Funds maintain offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

4. Plaintiff John J. Schmitt is a trustee and beneficiary of the Wisconsin Laborers Health Fund within the meaning of ERISA (29 U.S.C. § 1002, et seq.) and as such has standing to be a Plaintiff in this action. Mr. Schmitt maintains offices at 4633 LIUNA Way, Suite 101, DeForest, Wisconsin 53532.

5. Plaintiff Wisconsin Laborers-Employers Cooperation and Education Trust Fund ("LECET Fund") is an employee benefit plan governed by a Board of Trustees consisting of union and management appointees as provided by LMRA § 302(c)(5), whose purpose is to address areas of common concern to labor and management in the construction industry, including but not limited to labor standards issues such as OSHA

and prevailing wage laws.  Said Fund maintains offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

6.    Plaintiff Wisconsin Laborers District Council is a labor organization within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues.  Said labor organization maintains offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

7.    Defendant Professional Landscape is a domestic corporation organized under the laws of the State of Wisconsin, engaged in business with principal offices located at 2472 Highway NN, West Bend, Wisconsin 53095.  Its registered agent for service of process is Daniel A. Lamb, 2472 Highway NN, West Bend, Wisconsin 53095.

## Facts

8.    Defendant Professional Landscape is an employer and party in interest in an industry affecting commerce within the meaning of sections 3(5), (11), (12) and (14) of ERISA (29 U.S.C. §§1002(5), (11), (12) and (14)).

9.    For all times relevant, Professional Landscape was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements") between itself and the Wisconsin Laborers District Council.

10.    The Labor Agreements described herein contain provisions whereby Professional Landscape agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

11. By execution of said Labor Agreements, Professional Landscape adopted the trust agreements and amendments thereof which establish and govern the Funds and are necessary for their administration, and designated as their representatives on the Board of Trustees such Trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

12. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the Trustees of said trust funds, Professional Landscape has agreed as follows:

    a. to file monthly reports and make timely and prompt contributions to the Plaintiff Funds for each employee covered by the aforementioned Labor Agreements;

    b. to designate, and accept as its representatives, the Trustees named in the declaration of trust and their successors;

    c. to adopt and abide by all of the rules and regulations adopted by the Trustees of the Funds pursuant to the trust agreements;

    d. to adopt and abide by all of the actions of the Trustees in administering the Funds in accordance with the trust agreements and the rules so adopted;

–4–

      e.      to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

      f.      to deduct from each employee who has so authorized, working dues and to timely pay said amounts to the Union; and

      g.      to pay, in addition to delinquent contributions, interest and liquidated damages, actual attorneys' fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

13.    Professional Landscape has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

      a.      failing to make continuing and prompt payments to the Funds and Unions as required by the Labor Agreement and trust agreements for all of Professional Landscape's covered employees; and

      b.      failing to accurately report employee work status to the Funds.

14.    Section 502(g)(2) of ERISA, as amended by the MPPAA provides:

(2)    In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

      (A)    the unpaid contributions,

      (B)    interest on the unpaid contributions,

      (C)    an amount equal to the greater of –

        (i)      interest on the unpaid contributions, or

        (ii)     liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),

    (D)    reasonable attorney's fees and costs of this action, to be paid by the defendant, and

    (E)    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

    15.    Section 515 of ERISA provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

    16.    Despite demands that Professional Landscape perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has wholly failed, neglected, omitted and refused to make those payments.  Professional Landscape is now indebted to the Plaintiffs as follows:

**Audit Period:  December 1, 2014 through December 31, 2017:**

| | |
|---|---:|
| Wisconsin Laborers Health Fund | $14,743.75 |
| Wisconsin Laborers Pension Fund | 14,472.00 |
| Wisconsin Laborers Apprenticeship & Training Fund | 439.55 |
| LECET Fund | 158.82 |
| Wisconsin Laborers District Council (Dues) | 1,429.01 |

**Unaudited Period:  January 1, 2018 to the Present:**

| | |
|---|---|
| Wisconsin Laborers Health Fund | Unknown |
| Wisconsin Laborers Pension Fund | Unknown |
| Wisconsin Laborers Apprenticeship and Training Fund | Unknown |
| LECET Fund | Unknown |

**Claim One - Against Defendant Professional Landscape Contractors, Inc.
Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132, 1145)**

17. As and for a first claim for relief against Professional Landscape, Plaintiffs reallege each and every allegation contained in paragraphs 1 through 16 above and incorporate the same as though fully set forth herein word for word.

18. For purposes of this claim (Claim One), the Wisconsin Laborers Pension Fund, Wisconsin Laborers Health Fund andnd Wisconsin Laborers Apprenticeship and Training Fund are hereinafter referred to as the "Funds."

19. Due demand has been made by the Funds upon Professional Landscape for payment of all sums due and owing, but Professional Landscape has refused to pay them, or any part thereof, and all amounts remain due and owing.

20. Because, as the Funds are informed and believe, Professional Landscape has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Funds' trust funds is reduced, the Funds' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Funds' employee benefit plans have been violated, and the Funds are entitled to all of the remedies provided by ERISA.

21. Because Professional Landscape has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify.  These

beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if Professional Landscape is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, the Plaintiffs demand the following relief:

1. Judgment on behalf of the Plaintiffs and against Professional:

    A. For $29,655.30 representing the outstanding contributions, interest, and liquidated damages owed to the Plaintiffs pursuant to the Agreement between it and Professional Landscape for the audit period covering December 1, 2014 through December 31, 2017.

    B. For unpaid contributions, interest, and liquidated damages owed to the Plaintiffs for the period December 1, 2014 through the present;

    C. For unpaid contributions, interest, and liquidated damages owed to the Plaintiff Fund becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    D. Actual attorney fees and costs of this action.

2. For such other, further, or different relief as the Court deems just and proper.

### Claim Two - Against Defendant Professional Landscape Contractors, Inc. Violation of LMRA § 301 (29 U.S.C. §185)

22. As and for a second claim for relief against Professional Landscape, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 23 above and incorporate the same as though fully set forth herein word for word.

23. Due demand has been made upon Professional Landscape for payment contributions and interest due to the LECET Fund and working dues due to the Union, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

24. Because, as the LECET Fund and the Union are informed and believe, Professional Landscape has not paid timely and prompt contributions and working dues to the LECET Fund and Union on behalf of Union's members, the LECET Fund's and the Union's income are reduced, and its members may be forced to pay contributions and working dues out of pocket even though said amounts may have already been deducted from their paychecks by the Defendant. Consequently, the LMRA has been violated, and the LECET Fund and the Union are entitled to all of the remedies provided by the LMRA.

**WHEREFORE**, the LECET Fund and the Union demand the following relief:

1. Judgment on behalf of the LECET Fund and the Union and against Professional Landscape as follows:

    A. For $158.82, representing contributions and interest owed to the LECET Fund for the audit period December 1, 2014 through December 31, 2017;

    B. For $1,429.01 representing unpaid working dues owed to the Union for the audit period December 1, 2014 through December 31, 2017;

    C. For unpaid LECET Fund contributions and working dues owed to the Union from December 1, 2014 to the date this action was commenced;

   D. For unpaid LECET Fund contributions and working dues owed to the Union becoming due and/or arising after the commencement of this lawsuit through the date of judgment;

   E. Actual costs of this action.

2. For such other, further or different relief as the Court deems just and proper.

Dated this 12th day of July, 2018.

    /s/ Christopher J. Ahrens
    Christopher J. Ahrens (SBN: 1043237)
    **The Previant Law Firm, S.C.**
    310 West Wisconsin Avenue, Suite 100 MW
    Milwaukee, WI  53203
    Telephone:  414-271-4500
    Fax:  414-271-6308
    Email: cja@previant.com

    Attorneys for Plaintiffs